Case 2:14-cv-00725-DS Document 14 Filed 03/04/16 Page 1 of 7

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAR - 4 2016

D. MARK JONES, CLERK
BY _____
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TOBIAS NATHANIEL RUSH,<br><br>      Petitioner,<br>v.<br>SCOTT CROWTHER,<br><br>      Respondent. | Case No. 2:14-CV-725-DS<br><br>MEMORANDUM DECISION<br>AND ORDER<br><br>District Judge David Sam |

  Petitioner, Tobias Nathaniel Rush, an inmate at Utah State Prison, filed a habeas-corpus petition. *See* 28 U.S.C.S. § 2254 (2016). Because Petitioner challenges only his sentence's execution, the Court construes the petition as filed under 28 U.S.C.S. § 2241 (2016). Because Petitioner is *pro se*, the Court interprets his petition liberally.

## BACKGROUND

  On August 29, 2013, Petitioner pled guilty to Aggravated Assault, a third-degree degree felony, and was sentenced to an indeterminate term of zero-to-five years in prison. On the same day, Petitioner also pled guilty to Attempted Aggravated Assault, a Class-A misdemeanor, and was sentenced to an indeterminate term of 0–365 days at the prison. These sentences were ordered to run concurrently.

  On January 7, 2014, the Utah Board of Pardons and Parole (BOP) held Petitioner's Original Hearing. BOP ordered that Petitioner's expiration date for his Aggravated Assault conviction was August 9, 2018, and that the expiration date for his Attempted Aggravated Assault conviction was July 18, 2014. BOP's order also made Petitioner's tentative July 19, 2016

parole date contingent upon him successfully completing a twelve-to-eighteen-month residential substance-abuse treatment program.

On July 9, 2014, BOP received Petitioner's letter asserting BOP's expiration date of August 9, 2018 for his Aggravated Assault conviction, was wrong, and that his expiration date should be July 18, 2018. Petitioner alleged BOP's earned credit days were misrepresented. His letter also stated that he "can't [ac]cept the fact of a treatment program as my parole conditions, so as mental health contin[u]ously tells me I do the whole five years so as such I'm without question planning on doing just that."

On July 14, 2014, BOP answered Petitioner's letter, stating the time accounting for Petitioner's termination date had been reviewed, and that August 9, 2018 was the correct expiration date for Petitioner's Aggravated Assault sentence. BOP's letter explained that, though Petitioner was originally arrested on July 9, 2013, he was released on July 12, 2013, and his Aggravated Assault case was not filed until August 2, 2013, which is when credit for that case began again.

It appears the August 2, 2013 date included in BOP's letter was a typographical error, as Petitioner's Aggravated Assault case was actually filed on August 12, 2013. This typographical error, however, does not seem to have affected BOP's calculation of credit for time served, as shown on BOP's Original Hearing Order. And the correct date of August 12, 2013 was used by BOP in its Hearing Worksheet. BOP gave Petitioner credit for the three days he was incarcerated from July 9, 2013 to July 12, 2013, and for the seventeen days he was incarcerated from August 12, 2013 to August 29, 2013--for a total of twenty days of credit for time served.

Petitioner filed the instant action, asserting BOP's expiration date of August 9, 2018, for his Aggravated Assault conviction is beyond his indeterminate sentence of zero-to-five years. He

asks the Court to change his expiration date to July 18, 2018, and to withdraw BOP's order making his tentative parole date of July 19, 2016 contingent upon successful completion of a twelve-to-eighteen-month residential substance-abuse treatment program.

## ANALYSIS

I. PETITIONER HAS FAILED TO EXHAUST HIS STATE REMEDIES.

"A habeas petitioner is 'generally required to exhaust state remedies whether is action is brought under § 2241 or § 2254.'" *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.S. § 2254(c) (2016). To exhaust all state remedies "means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief." *Tiedemann v. Bigelow*, 2:10-CV-803-CW, 2012 WL 4584492 (D. Utah Oct. 1, 2012) (unpublished). Additionally, "a habeas petitioner bears the burden of demonstrating that he has exhausted his available state remedies." *Malipurathu v. Dowling*, 2014 U.S. Dist. LEXIS 179904 (W.D. Okl. Oct. 23, 2014) (unpublished) (quoting *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (quotation marks omitted)).

Exhaustion of Utah remedies requires that Petitioner have sought certiorari review of his federal claims with the Utah Supreme Court. *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992). Petitioner admits he failed to exhaust his State remedies for any of his claims.[1] Habeas Pet. at *7 (responding to question 13(a), "Have all grounds for relief that you have raised in this petition

---

[1] In the Petition, Petitioner asserts that he has not sought judicial review of his habeas claims because, he believes, he waived his right to appeal as a condition of his plea agreement. Petitioner is mistaken; the no-appeal conditions of his plea agreement do not bar him from seeking judicial review of what he believes are actions taken by BOP, during the sentence's execution, in violation of his constitutional rights.

3

been presented to the highest state court having jurisdiction?", Petitioner marked "No"). Petitioner's failure to exhaust requires dismissal of his Petition.

    II.    <u>PETITIONER IS NOT IN CUSTODY IN VIOLATION OF THE CONSTITUTION OR LAWS AND TREATIES OF THE UNITED STATES.</u>

Furthermore, "[a] federal habeas claim may be denied on its merits notwithstanding Petitioner's failure to satisfy the exhaustion requirement." *Malipurathu*, 2014 U.S. Dist. LEXIS 179904, at *11 (citing 28 U.S.C. § 2254(b)(2)). Though § 2241 does not include the same alternative provision as § 2254(b)(2) for a petitioner who has failed to exhaust state remedies, the Tenth Circuit has held that a § 2241 petition may also be denied alternatively on the merits if "no federal constitutional claim is raised in [the] petition." *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000) ("This court recognizes that neither our case law nor the language of § 2241 settles whether a federal court may deny on the merits an unexhausted § 2241 petition as § 2254(b)(2) expressly permits. Nevertheless, because no federal constitutional claim is raised in Montez's petition, we conclude it is not inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(2) in this case. Accordingly, the district court did not err in denying Montez's petition on the merits and this court denies, for those reasons set out above, his request to abate these proceedings while he exhausts his state remedies.").

Under § 2241, a writ of habeas corpus shall not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C.S. § 2241(c) (2016). Petitioner's claims center on BOP's determination of credit for time served, and BOP's determination that Petitioner's tentative parole date is contingent upon successfully completing a twelve-to-eighteen-month residential substance-abuse treatment program.

Petitioner was convicted on August 29, 2013 of Aggravated Assault and sentenced to an indeterminate term of zero-to-five years in prison. Accordingly, his five-year sentence runs from

August 29, 2013 until August 29, 2018. With more than three years remaining on his sentence, Petitioner is now in custody under a valid State sentence of zero-to-five years. He is not in custody in violation of the Constitution or laws and treaties of the United States.

Nor does BOP's determined termination date for Petitioner's conviction of Aggravated Assault extend his incarceration beyond his zero-to-five-year sentence. Once again, five years from August 29, 2013--the date Petitioner was convicted and sentenced--is August 29, 2018. BOP's determined termination date is August 9, 2018, which is twenty days *before* the latest permissible termination of Petitioner's sentence. BOP's determined termination date has not exceeded Petitioner's sentence.

As to BOP's determination that Petitioner's tentative parole date is contingent upon him successfully completing programming, Petitioner has no federal constitutional right to parole before his indeterminate term of zero-to-five years expires. Under Utah's indeterminate sentencing system, all sentences "continue until the maximum period has been reached unless sooner terminated or commuted by authority of BOP of Pardons and Parole," Utah Code Ann. § 77-18-4(3) (2016), and "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correction Complex*, 442 U.S. 1, 7 (1979).

Nor does Utah's parole statute create a liberty interest entitling prisoners to federal constitutional protection. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). *Malek* held that Utah's parole statute "grants the parole board complete discretion in making parole decision," and that this statute "does not create a liberty interest entitling [an offender] to due process protections under the Fifth and Fourteenth Amendments of the United States constitution." *Id.* at 1016.

5

Therefore, Peitioner has no federal right to parole. He has no federal-due-process rights associated with parole, and he has no federal right to negate conditions BOP imposes before considering whether he is eligible for a parole opportunity.

III.    FEDERAL HABEAS RELIEF DOES NOT LIE FOR ERRORS OF STATE LAW.

"[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). And "[i]t is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts." *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977).

Petitioner challenged the amount of credit for time served BOP gave him, which is a matter of state law. And under state law, it is solely within BOP's discretion whether credit for time served is given. *See Northern v. Barnes*, 825 P.2d 696, 698 (Utah 1992); *State v. Schreuder*, 712 P.2d 264, 277 (Utah 1985); *State v. Alvillar*, 748 P.2d 207, 208–209 (Utah Ct. App. 1988).

Also, under state law, BOP has statutory authority to determine if, when, and under what conditions an inmate is given a parole opportunity. *See* Utah Code Ann. § 77-27-5(1)(a) (2014). BOP's parole decisions "are final and are not subject to judicial review." *See id.* § 77-27-5(3). "[S]o long as the period of incarceration decided upon by the [Board] falls within an inmate's applicable indeterminate range, . . . then that decision, absent unusual circumstances, cannot be arbitrary and capricious." *Preece v. House*, 886 P.2d 508, 512 (Utah 1994).

Both BOP decisions challenged here--BOP's determination of Petitioner's credit for time served, and BOPs determination that Petitioner's tentative parole date is contingent upon successful completion of programming--rest on foundations of state law. Because a federal writ of habeas corpus does not lie for errors of state law, no relief is available.

## CONCLUSION

Petitioner's claims are denied because Petitioner has failed to exhaust his state remedies. Having examined the claims, the Court also finds that, in the alternative, the claims are without merit because they do not state a violation of federal constitutional or statutory law.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss is **GRANTED**. (*See* Docket Entry # 6.) This case is **CLOSED**.

DATED this 3rd day of March, 2016.

BY THE COURT:

*David Sam*
DAVID SAM
United States District Judge